IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 4259 |
| U.S. WIND FARMING, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM

Raymond McNamee ("McNamee") has served a notice of presentment, scheduled for November 17, 2006,[1] of what he has labeled "Defendant Raymond J. McNamee's Motion To Set Aside Entry of Default and To Allow Movant To Re-File an Answer to the First Amended Complaint of Securities and Exchange Commission" (the "Motion"). Like all too many of McNamee's filings, both the Motion and his Memorandum filed October 31, 2006 (copy attached) are based on demonstrably incorrect premises. This memorandum is issued in advance of the November 17 presentment date in the hope that at least some of McNamee's misapprehensions can be straightened out by that time.

First, as to the Motion, this Court has no clue as to any

---

[1] Although McNamee's notice states that he plans to present the motion at 9 a.m. on that date, that time slot is reserved for preset in-court status hearings in cases on this Court's calendar. Accordingly McNamee will have to place his telephone call either at 8:45 a.m. (the normal time for this Court's handling of telephonic conferences with out-of-town parties) or 9:15 a.m. (the time that this Court hears motions every day). In either event, McNamee must notify all other parties in the case of his planned rescheduling.

basis for McNamee's assertion that this Court entered a default against him on October 20, 2006 (or on any other date, for that matter). Indeed, precisely the opposite is the case. As the attached page of the docket in this case shows (see Dkt. No. 158), when SEC counsel then moved for an order of default against a group of defendants including McNamee, this Court <u>refused</u> to enter such an order against McNamee because of the pendency of his appeal to our Court of Appeals.[2] One other obvious point should be added: Even as to the other defendants as to whom an order of default <u>was</u> granted on October 20, that order was <u>not</u> a judgment and hence was nonappealable.

As for McNamee's October 31 memorandum, it too has distorted the facts. For one thing, McNamee's statement regarding what he calls "my old partner" is false and misleading. What actually transpired on August 4, when McNamee had noticed up a motion of his own for presentment, is that this Court mistakenly believed that the SEC's motion for leave to file its First Amended Complaint ("FAC"), which had previously been delivered to this Court's chambers, had also been noticed up for the same day. Because no opposition to that SEC motion had been submitted by

---

[2] That appeal is itself puzzling, for McNamee has not identified any appealable order this Court has entered against him. As this Court's attached October 17 memorandum reflects, no final order of any kind was entered on August 8, 2006, yet McNamee's notice of appeal seeks to take an appeal from such a purported order. Despite that, this Court's October 20 refusal to enter an order of default against McNamee was based on the concern that his very taking of an appeal could create a problem for this Court's continued exercise of jurisdiction over him.

2

any defendant (including McNamee), this Court initially stated:

> There are essentially two matters that are in front of me. One is a motion by the SEC for leave to file an Amended Complaint. And consistently with the principles that have long been established in that regard, in which it's rare that amendments are not permitted, that's been true ever since one of the few opinions by my former partner, Arthur Goldberg, that still survives from the early '60s, Foman against Davis. And so that motion I am going to grant, Mr. McNamee.

When McNamee then stated (and SEC counsel also confirmed) that the SEC motion had in fact been noticed up for August 8 rather than August 4, this Court immediately stated that it was <u>not</u> then granting leave to file the FAC, but would instead rule on that motion at its actual presentment date. Then later on August 8, when McNamee (participating by telephone) voiced no objection to the filing of the FAC (although he had earlier indicated some objections), this Court granted leave to file the pleading and gave all defendants (including McNamee) three weeks (he had asked for two or three weeks), until August 29, to file their responsive pleadings.[3]

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date: November 8, 2006

---

[3] Although McNamee's Memorandum has asked the Court of Appeals to review the transcripts of August 4 and 8, this Court's court reporter advises that McNamee has not responded to the court reporter's billing for those transcripts, so that they have not been furnished to him. Despite the fact that McNamee is a man of considerable means, his failure to honor his obligations in this litigation has been distressing.