IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05 C 4259 |
| U.S. WIND FARMING, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Raymond McNamee ("McNamee"), although concededly using counsel to assist him, continues to file pro se documents that are at odds with the requirements of law--and with the facts as well. Most recent among those is a two-page submission captioned "Memorandum in Response to Judge Shadur's Memorandum of November 8, 2006."

To begin with, McNamee has sent only an original of that Memorandum to the Clerk's Office, although this District Court's rules expressly require the delivery of a chambers copy for the court as well. In addition, the absence of any proof of service accompanying the Memorandum makes it impossible to tell whether McNamee has complied with his obligation to serve copies of every filing on all parties and counsel of record. To this Court's recollection, it has already explained to McNamee that, whether or not he has counsel representing him, he must make himself familiar with this District Court's procedural rules and conform to them--but if such is not the case, he is now formally notified

of the obligations described here and is advised that any further submissions that flout the plain procedural requirements will simply be stricken from the file.

In that respect it is also a source of bemusement that, having finally acknowledged (after several unfounded efforts to "vacate" a nonexistent order) that his motions in that regard were incorrectly filed, McNamee says simply:

> McNamee asks the Court to overlook this matter.

But that request for forgiveness is immediately--and inexplicably--followed by what must be considered as a snide observation:

> McNamee however would appreciate it if the court actually had the time to examine Motions and Responses submitted to the court.

As the record plainly reflects, this Court has always been meticulous in addressing each of McNamee's submissions--more than can be said of the lack of care exhibited by McNamee. And the emptiness of McNamee's complaints on that score is exemplified by the Memorandum's ensuing criticism of this Court's establishment of a time for McNamee to respond to SEC's First Amended Complaint.

In that respect, on August 8 this Court simply inquired of McNamee as to how much time he thought he would need to file such an answer, in an effort to grant McNamee whatever time period he might reasonably require. When McNamee responded by stating "Two

or three weeks max," this Court granted him the longer period.
Now McNamee falsely complains:

> McNamee requested 3 weeks which was granted by Judge Shadur. Defendant later found out that F.R.C.P. clearly grants a minimum of 3 weeks to a maximum of 30 days. The court should have been aware of this and the granting of the minimum allowed under the rules by the court was simply required under the rules.

That of course is a distortion in more than one respect--Fed. R. Civ. P. 15(a) requires parties to respond to an amended pleading "within the time remaining for response to the original pleading or within <u>ten</u> days after service of the amended pleading, whichever period may be the longer."

Under ordinary circumstances this Court would let such errors or mischaracterizations by litigants, particularly unrepresented litigants, go without mention. But McNamee's obvious and repeated efforts to paint an inaccurate picture of claimed inattention to his filings and of purportedly unfair treatment constitute the type of distortion that should not go unremarked.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2006