IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES SECURITIES )
AND EXCHANGE COMMISSION, )
 )
             Plaintiff, )
 )
 v. ) No. 05 C 4259
 )
U.S. WIND FARMING, INC., et al., )
 )
             Defendants. )

## MEMORANDUM ORDER

To this Court's understanding, all that remains pending in this action is the nature and scope of the final judgment and permanent injunction to be entered against remaining defendants Michael Spadaccini ("Spadaccini") and Oronex, LLC ("Oronex"). Because Spadaccini is a lawyer, he has appeared and provided input both on his own behalf and as counsel for Oronex. Their substantive joint submission is set out in a December 7, 2006 Memorandum responding to the motion filed by the SEC seeking relief against them.

On that score Mem. ¶III reads:

> Spadaccini/Oronex agrees with the plaintiff's calculation of disgorgement and pre-judgment interest, and has no objection or argument against the entry of disgorgement and pre-judgment interest as requested.

Hence only the amount of the civil penalty to be included in the judgment order is at issue, and in that respect Spadaccini has made a persuasive argument as to the excessiveness of SEC's request for a "third tier" penalty under Securities Act §20(d)

("Section 20(d)," 15 U.S.C. §77t(d)). It is certainly true that one size does not fit all in this action, with the total agreed-upon disgorgement as to these defendants amounting to just $17,208.67--far, far less than the amounts of profits realized by the other defendants in the case against whom judgments have previously been entered.

Under Section 20(d) a "first-tier" penalty may not exceed (1) the disgorgement amount as to "natural person" Spadaccini or (2) $50,000 as to corporate entity Oronex. And the caselaw in this area appears to confer a good deal of discretion as to the amount of penalty to be imposed, based in every instance on the particular circumstances of each case.

In this instance this Court finds that a penalty equal to approximately one-half of the disgorgement amount--$8,600--is appropriate against each of Spadaccini and Oronex, and the SEC is therefore ordered to submit a final judgment and permanent injunction order for this Court's signature on that basis. Finally, because to this Court's knowledge this is the last act in this securities drama, the order should also reflect that it is the final judgment in the action itself.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 9, 2007