IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES SECURITIES )
AND EXCHANGE COMMISSION, )
 )
              Plaintiff, )
 )
  v. ) No. 05 C 4259
 )
U.S. WIND FARMING, INC., et al., )
 )
             Defendants. )

## MEMORANDUM ORDER

This Court is presently awaiting the response of SEC counsel as to the procedures to be followed to comply with the Court of Appeals' directive, in its March 8, 2007 opinion reported at 481 F.3d 451, regarding the remedy of rescission. In the meantime, pro se defendant Raymond McNamee ("McNamee")[1] has mailed in several copies of a proposed order for the release of $150,000 that he had earlier delivered to this District Court under this Court's earlier disgorgement order--but again without his having complied with court rules requiring a notice of presentment and

---

[1] As this Court has had occasion to remark previously, it seems likely that McNamee's pro se status is a nominal one, because his filings frequently appear to carry the hallmarks of preparation by a lawyer (it is also possible that McNamee is himself a lawyer, although the prior filings in the case have not had occasion to discuss that possibility). Any undisclosed lawyer involvement on McNamee's behalf (whether his own or that of someone else) would be a troubling prospect, because then the frequent blithe disregard of the requirements of statutes and court rules contained in McNamee's filings might possibly be met with appropriate disapprobation (or perhaps, under appropriate circumstances, with possible sanctions under Fed. R. Civ. P. 11(b) or other auspices).

the actual presentment of any motion.  McNamee has also seen fit to vent his spleen, in a recent status hearing, by accusing this Court of bias in its rulings because it does not accede to his nonmeritorious requests.

This Court declines McNamee's invitation to withdraw from the case, for no litigant is entitled to assert groundless charges as a springboard for obtaining control over the course of his, her or its litigation.  But because the other prospect addressed by the Court of Appeals--the possible imposition of criminal contempt sanctions for what this Court held (and the Court of Appeals confirmed) to be McNamee's clear violation of the injunction order in this case (see 480  F.3d at 455-56)--carries the potential for punitive measures (id. at 456-58), this Court requests the District Court Executive Committee to reassign that facet of the case to another District Judge.

Accordingly:

1.  Both McNamee and the SEC are notified that proceedings pursuant to 18 U.S.C. §401(3) for possible criminal contempt by reason of McNamee's adjudicated violation of this Court's order, as confirmed by the Court of Appeals, may be undertaken by another District Judge to be assigned by the Executive Committee in accordance with court rules.

2.  Also as indicated by the Court of Appeals' opinion,

the designated District Judge is expected to proceed with
notice and hearing of the potential criminal contempt aspect
of the case in accordance with Fed. R. Crim. P. 42.

In the interim, no action will be taken on McNamee's current submission, both because of his noncompliance with court rules and, more substantively, because of the pendency of (a) the rescission alternative and (b) the matter just dealt with in this memorandum order. No view is currently expressed as to the possible ultimate resolution of McNamee's current demand.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 22, 2007